IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES DALE HOLT,** | |
| Plaintiff, | |
| v. | Case No. 3:21-CV-1154-NJR |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff's Motion for Approval of Attorney Fee filed pursuant to 42 U.S.C. § 406(b). (Doc. 26). The Acting Commissioner of Social Security ("Commissioner") filed a response indicating she neither supports nor opposes counsel's request. (Doc. 27).

Following an unfavorable decision by the Commissioner, Plaintiff filed the Complaint in this matter on September 17, 2021. (Doc. 1). On March 29, 2023, the undersigned reversed and remanded this action to the Commissioner for rehearing and reconsideration of the evidence. (Doc. 21). On remand, the Administrative Law Judge issued a fully favorable decision, finding Plaintiff disabled since his alleged onset date of December 1, 2017. (Doc. 38-1). Plaintiff was awarded $105,697.49 in past-due benefits, 25 percent of which—$35,232.05—was withheld by the Commissioner for attorney fees, subject to court approval. (*Id.*).

Counsel now seeks this Court's approval to collect the full $35,232.05 that was

withheld by the Commissioner. (Doc. 26). Counsel notes that the fee agreement between herself and Plaintiff provides for a fee of 25 percent of Plaintiff's past-due benefits. (Doc. 13 at p. 100). Furthermore, counsel states that the amount requested is commensurate with the complexity of the case and counsel's expertise, skill, and diligence in pursuing Plaintiff's case since October 2019 to its successful conclusion in September 2023. (Doc. 26). Counsel spent 28.5 hours working on this matter; thus, counsel seeks a total fee of $1,236.23 per hour. (*Id.*).

Under 42 U.S.C. § 406(b)(1)(A), the Court may allow a "reasonable fee" for an attorney's representation, not to exceed 25 percent of the total of Plaintiff's past-due benefits. However, if the Court approves the fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Id*. In practical terms, this means that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $4,275.00. (Doc. 26).

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreements in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances here, including the contract between Plaintiff

and counsel, the time and effort expended by counsel, the excellent result and the amount of the past-due benefits, the Court concludes that $35,232.05 is a reasonable fee. While the Court acknowledges that the fee is on the higher end of acceptable, it is not outside the range of typical contingency fees. Rather, the fee reflects counsel's performance and the significant past-due benefits awarded to Plaintiff. *See McCroskey v. Kijakazi*, No. 1:20 CV 132-PPS-JEM, 2023 WL 4627627, at *1 (N.D. Ind. Feb. 6, 2023) (approving a fee of $1,023.37 per hour pursuant to the contingency fee contract and collecting similar cases).

For these reasons, the Court **GRANTS** Plaintiff's Motion for Approval of Attorney Fee. (Doc. 26). The Court **AWARDS** Plaintiff's counsel Donna Thornton-Green a total fee of $35,232.05 for her representation of Plaintiff in this matter, to be paid out of Plaintiff's past-due benefits. Counsel **SHALL** refund to Plaintiff the $4,275.00 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

DATED:   November 28, 2023

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**